IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| GABRIEL CUELLAR, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| SWIFT INTERMODAL CO., SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, SWIFT TRANSPORTATION, INC., SWIFT TRANSPORTATION AND LEASING, INC., | ) |
| Defendant. | ) |

## COMPLAINT AT LAW

Plaintiff, GABRIEL CUELLAR, by his attorneys, LEVIN, RIBACK LAW GROUP, P.C., complains of the Defendants and alleges as follows:

### COUNT I
### SWIFT INTERMODAL CO.
### NEGLIGENCE

1. That on and before July 29, 2015, the Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, provided semi-trailer trucks and operators to a customer, Exel Inc., for the purposes of transporting various goods.

2. On July 29, 2015, Plaintiff, GABRIEL CUELLAR, was employed by Exel, Inc. and was in the course of his employment at Excel Inc.'s facility, located at 1701 Remington Blvd. Bolingbrook, Illinois 60490.

3. On July 29, 2015, Plaintiff, CABRIEL CUELLAR, while in the course of his employment, was loading pallets of liquor into a trailer owned and operated by SWIFT INTERMODAL, CO. utilizing a forklift. The trailer of the semi-trailer truck was supported by trailer jacks. The semi-trailer truck and the trailer jacks were owned, provided,



DEFENDANT'S EXHIBIT C

controlled, deployed and maintained by the Defendant, SWIFT INTERMODAL CO., at all times while at the Exel, Inc. location, 1701 Remington Blvd. Bolingbrook, Illinois 60490.

4. That at all times material to this lawsuit, the Defendant, SWIFT INTERMODAL CO., owed a duty to Plaintiff to exercise reasonable care in the ownership, deployment, maintenance, management and control of the semi-trailer truck and trailer jacks used to support the trailer, and the trailer itself.

5. That at all times material to this lawsuit, the Defendant, SWIFT INTERMODAL CO., owed a duty of reasonable care in the ownership, deployment, maintenance, control and management of the trailer jacks and trailer itself. In addition, defendant had a duty to warn of any unsafe conditions in connection with the trailer assembly, including the trailer jacks.

6. That on July 29, 2015 the Plaintiff was in the exercise of all due care and caution for his own safety.

7. Notwithstanding its duty, at the subject time and place, the Defendant, SWIFT INTERMODAL CO., by its agents, servants and employees, were guilty of one or more of the following careless and negligent acts and/or omissions during their possession of the semi-trailer truck and trailer jacks:

    a) Improperly operated, deployed, managed, maintained and controlled the trailer jacks used to support the trailer of the semi-trailer truck in which Plaintiff was performing his job duties, so that as a direct and proximate result, the Plaintiff was injured when the trailer jack(s) collapsed with the Plaintiff inside the semi-trailer truck;

    b) Failed to make a reasonable inspection of the trailer jacks used to support the semi-trailer that Plaintiff was working in, when the Defendant knew, or in the exercise of reasonable care should have known, that such inspection of the trailer jacks was necessary to prevent injury to the Plaintiff;

2

    c)    Failed to warn the Plaintiff of the dangerous conditions posed by the trailer and trailer jacks, when the Defendant knew, or in the exercise of ordinary care should have known, that a warning was necessary to prevent injury to the Plaintiff;

    d)    Provided worn, rusted, weakened and poorly maintained trailer jacks;

    e)    Failed to properly adjust the trailer jacks;

    f)    Failed to properly set and/or lock the trailer jacks;

    g)    Failed to inspect the trailer jacks;

    h)    Failed to properly maintain the trailer jacks;

    i)    Failed to provide additional blocking in the event of a failure of the trailer jacks.

8.    That at the subject time and place, Plaintiff was in the course of his employment, loading pallets of liquor within the semi-trailer when the jacks that were being used to support the trailer failed, causing the trailer to violently shift.

9.    As a direct and proximate result of the negligent acts and/or omissions on the part of the Defendant, Plaintiff suffered severe, permanent, personal and pecuniary injuries.

WHEREFORE, the Plaintiff, GABRIEL CUELLAR, demands judgment against the Defendant, SWIFT INTERMODAL CO., in a sum in excess of the jurisdictional limits and costs in bringing this action.

## COUNT II
## SWIFT TRANSPORTATION CO. OF ARIZONA, LLC
## NEGLIGENCE

1. That on and before July 29, 2015, the Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, provided semi-trailer trucks and operators to a customer, Exel Inc., for the purposes of transporting various goods.

2. On July 29, 2015, Plaintiff, GABRIEL CUELLAR, was employed by Exel, Inc. and was in the course of his employment at Excel Inc.'s facility, located at 1701 Remington Blvd. Bolingbrook, Illinois 60490.

3. On July 29, 2015, Plaintiff, CABRIEL CUELLAR, while in the course of his employment, was loading pallets of liquor into a trailer owned and operated by SWIFT TRANSPORTATION CO. OF ARIZONA, LLC utilizing a forklift. The trailer of the semi-trailer truck was supported by trailer jacks. The semi-trailer truck and the trailer jacks were owned, provided, controlled, deployed and maintained by the Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, at all times while at the Exel, Inc. location, 1701 Remington Blvd. Bolingbrook, Illinois 60490.

4. That at all times material to this lawsuit, the Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, owed a duty to Plaintiff to exercise reasonable care in the ownership, deployment, maintenance, management and control of the semi-trailer truck and trailer jacks used to support the trailer, and the trailer itself.

5. That at all times material to this lawsuit, the Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, owed a duty of reasonable care in the ownership, deployment, maintenance, control and management of the trailer jacks and

trailer itself. In addition, defendant had a duty to warn of any unsafe conditions in connection with the trailer assembly, including the trailer jacks.

6. That on July 29, 2015 the Plaintiff was in the exercise of all due care and caution for his own safety.

7. Notwithstanding its duty, at the subject time and place, the Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, by its agents, servants and employees, were guilty of one or more of the following careless and negligent acts and/or omissions during their possession of the semi-trailer truck and trailer jacks:

    a) Improperly operated, deployed, managed, maintained and controlled the trailer jacks used to support the trailer of the semi-trailer truck in which Plaintiff was performing his job duties, so that as a direct and proximate result, the Plaintiff was injured when the trailer jack(s) collapsed with the Plaintiff inside the semi-trailer truck;

    b) Failed to make a reasonable inspection of the trailer jacks used to support the semi-trailer that Plaintiff was working in, when the Defendant knew, or in the exercise of reasonable care should have known, that such inspection of the trailer jacks was necessary to prevent injury to the Plaintiff;

    c) Failed to warn the Plaintiff of the dangerous conditions posed by the trailer and trailer jacks, when the Defendant knew, or in the exercise of ordinary care should have known, that a warning was necessary to prevent injury to the Plaintiff;

    d) Provided worn, rusted, weakened and poorly maintained trailer jacks;

    e) Failed to properly adjust the trailer jacks;

    f) Failed to properly set and/or lock the trailer jacks;

    g) Failed to inspect the trailer jacks;

    h) Failed to properly maintain the trailer jacks;

      i)       Failed to provide additional blocking in the event of a failure of the trailer jacks.

8. That at the subject time and place, Plaintiff was in the course of his employment, loading pallets of liquor within the semi-trailer when the jacks that were being used to support the trailer failed, causing the trailer to violently shift.

9. As a direct and proximate result of the negligent acts and/or omissions on the part of the Defendant, Plaintiff suffered severe, permanent, personal and pecuniary injuries.

WHEREFORE, the Plaintiff, GABRIEL CUELLAR, demands judgment against the Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, in a sum in excess of the jurisdictional limits and costs in bringing this action.

## COUNT III
## SWIFT TRANSPORTATION, INC.
## NEGLIGENCE

1. That on and before July 29, 2015, the Defendant, SWIFT TRANSPORTATION, INC., provided semi-trailer trucks and operators to a customer, Exel Inc., for the purposes of transporting various goods.

2. On July 29, 2015, Plaintiff, GABRIEL CUELLAR, was employed by Exel, Inc. and was in the course of his employment at Excel Inc.'s facility, located at 1701 Remington Blvd. Bolingbrook, Illinois 60490.

3. On July 29, 2015, Plaintiff, CABRIEL CUELLAR, while in the course of his employment, was loading pallets of liquor into a trailer owned and operated by SWIFT TRANSPORTATION, INC. utilizing a forklift. The trailer of the semi-trailer truck was supported by trailer jacks. The semi-trailer truck and the trailer jacks were owned, provided, controlled, deployed and maintained by the Defendant, SWIFT

6

TRANSPORTATION, INC., at all times while at the Exel, Inc. location, 1701 Remington Blvd. Bolingbrook, Illinois 60490.

4. That at all times material to this lawsuit, the Defendant, SWIFT TRANSPORTATION, INC., owed a duty to Plaintiff to exercise reasonable care in the ownership, deployment, maintenance, management and control of the semi-trailer truck and trailer jacks used to support the trailer, and the trailer itself.

5. That at all times material to this lawsuit, the Defendant, SWIFT TRANSPORTATION, INC., owed a duty of reasonable care in the ownership, deployment, maintenance, control and management of the trailer jacks and trailer itself. In addition, defendant had a duty to warn of any unsafe conditions in connection with the trailer assembly, including the trailer jacks.

6. That on July 29, 2015 the Plaintiff was in the exercise of all due care and caution for his own safety.

7. Notwithstanding its duty, at the subject time and place, the Defendant, SWIFT TRANSPORTATION, INC., by its agents, servants and employees, were guilty of one or more of the following careless and negligent acts and/or omissions during their possession of the semi-trailer truck and trailer jacks:

    a) Improperly operated, deployed, managed, maintained and controlled the trailer jacks used to support the trailer of the semi-trailer truck in which Plaintiff was performing his job duties, so that as a direct and proximate result, the Plaintiff was injured when the trailer jack(s) collapsed with the Plaintiff inside the semi-trailer truck;

    b) Failed to make a reasonable inspection of the trailer jacks used to support the semi-trailer that Plaintiff was working in, when the Defendant knew, or in the exercise of reasonable care should have known, that such inspection of the trailer jacks was necessary to prevent injury to the Plaintiff;

7

    c)    Failed to warn the Plaintiff of the dangerous conditions posed by the trailer and trailer jacks, when the Defendant knew, or in the exercise of ordinary care should have known, that a warning was necessary to prevent injury to the Plaintiff;

    d)    Provided worn, rusted, weakened and poorly maintained trailer jacks;

    e)    Failed to properly adjust the trailer jacks;

    f)    Failed to properly set and/or lock the trailer jacks;

    g)    Failed to inspect the trailer jacks;

    h)    Failed to properly maintain the trailer jacks;

    i)    Failed to provide additional blocking in the event of a failure of the trailer jacks.

8.    That at the subject time and place, Plaintiff was in the course of his employment, loading pallets of liquor within the semi-trailer when the jacks that were being used to support the trailer failed, causing the trailer to violently shift.

9.    As a direct and proximate result of the negligent acts and/or omissions on the part of the Defendant, Plaintiff suffered severe, permanent, personal and pecuniary injuries.

WHEREFORE, the Plaintiff, GABRIEL CUELLAR, demands judgment against the Defendant, SWIFT TRANSPORTATION, INC., in a sum in excess of the jurisdictional limits and costs in bringing this action.

## COUNT IV
## SWIFT TRANSPORTATION AND LEASING, INC.
## NEGLIGENCE

1. That on and before July 29, 2015, the Defendant, SWIFT TRANSPORTATION AND LEASING, INC., provided semi-trailer trucks and operators to a customer, Exel Inc., for the purposes of transporting various goods.

2. On July 29, 2015, Plaintiff, GABRIEL CUELLAR, was employed by Exel, Inc. and was in the course of his employment at Excel Inc.'s facility, located at 1701 Remington Blvd. Bolingbrook, Illinois 60490.

3. On July 29, 2015, Plaintiff, CABRIEL CUELLAR, while in the course of his employment, was loading pallets of liquor into a trailer owned and operated by SWIFT TRANSPORTATION AND LEASING, INC. utilizing a forklift. The trailer of the semi-trailer truck was supported by trailer jacks. The semi-trailer truck and the trailer jacks were owned, provided, controlled, deployed and maintained by the Defendant, SWIFT TRANSPORTATION AND LEASING, INC., at all times while at the Exel, Inc. location, 1701 Remington Blvd. Bolingbrook, Illinois 60490.

4. That at all times material to this lawsuit, the Defendant, SWIFT TRANSPORTATION AND LEASING, INC., owed a duty to Plaintiff to exercise reasonable care in the ownership, deployment, maintenance, management and control of the semi-trailer truck and trailer jacks used to support the trailer, and the trailer itself.

5. That at all times material to this lawsuit, the Defendant, SWIFT TRANSPORTATION AND LEASING, INC., owed a duty of reasonable care in the ownership, deployment, maintenance, control and management of the trailer jacks and

9

trailer itself. In addition, defendant had a duty to warn of any unsafe conditions in connection with the trailer assembly, including the trailer jacks.

6. That on July 29, 2015 the Plaintiff was in the exercise of all due care and caution for his own safety.

7. Notwithstanding its duty, at the subject time and place, the Defendant, SWIFT TRANSPORTATION AND LEASING, INC., by its agents, servants and employees, were guilty of one or more of the following careless and negligent acts and/or omissions during their possession of the semi-trailer truck and trailer jacks:

   a) Improperly operated, deployed, managed, maintained and controlled the trailer jacks used to support the trailer of the semi-trailer truck in which Plaintiff was performing his job duties, so that as a direct and proximate result, the Plaintiff was injured when the trailer jack(s) collapsed with the Plaintiff inside the semi-trailer truck;

   b) Failed to make a reasonable inspection of the trailer jacks used to support the semi-trailer that Plaintiff was working in, when the Defendant knew, or in the exercise of reasonable care should have known, that such inspection of the trailer jacks was necessary to prevent injury to the Plaintiff;

   c) Failed to warn the Plaintiff of the dangerous conditions posed by the trailer and trailer jacks, when the Defendant knew, or in the exercise of ordinary care should have known, that a warning was necessary to prevent injury to the Plaintiff;

   d) Provided worn, rusted, weakened and poorly maintained trailer jacks;

   e) Failed to properly adjust the trailer jacks;

   f) Failed to properly set and/or lock the trailer jacks;

   g) Failed to inspect the trailer jacks;

   h) Failed to properly maintain the trailer jacks;

10

    i)  Failed to provide additional blocking in the event of a failure of the trailer jacks.

8. That at the subject time and place, Plaintiff was in the course of his employment, loading pallets of liquor within the semi-trailer when the jacks that were being used to support the trailer failed, causing the trailer to violently shift.

9. As a direct and proximate result of the negligent acts and/or omissions on the part of the Defendant, Plaintiff suffered severe, permanent, personal and pecuniary injuries.

WHEREFORE, the Plaintiff, GABRIEL CUELLAR, demands judgment against the Defendant, SWIFT TRANSPORTATION AND LEASING, INC., in a sum in excess of the jurisdictional limits and costs in bringing this action.

                Respectfully submitted,

                LEVIN, RIBACK, LAW GROUP, P.C.

          By: _____
                Bryan Flangel, Esq.

Atty I.D. No. 40280
LEVIN, RIBACK LAW GROUP, P.C.
60 W. Randolph St., Ste. 333
Chicago, Illinois 60601
(312) 782-6717
bflangel@levinriback.com
esteinberg@levinriback.com

11

## SUPREME COURT RULE 222 AFFIDAVIT

Bryan S. Flangel, attorney for Plaintiff, duly sworn under oath, states as follows:

Based upon information and belief as of the date of the signing this Complaint, the total of money damages sought exceeds the Jurisdictional Limits.

_____
Bryan S. Flangel
Attorney for Plaintiff
LEVIN, RIBACK LAW GROUP, P.C.
60 W. Randolph St. Ste. 333
Chicago, Illinois 60601

Dated: 8/16/16

12